FRANCISCO, JUAN AND SERVANDO BERIO-QUINTERO, Appellants, *v.* REGISTRAR OF PONCE, Respondent.

No. 630.  Submitted March 2, 1926.—Decided April 30, 1926.

*F. Zapater* for the appellants.   The registrar appeared by brief.

Mr. Justice Hutchison delivered the opinion of the court.

In February, 1895, a lease for a term which expired in December, 1898, was embodied in a deed of conveyance, and incidentally recorded together therewith as a part of the said instrument and in the same entry upon presentation of the said deed in the registry of property.

On December 30, 1925, the present owners of the property presented the same instrument to the registrar and requested in writing the cancellation of the entry above mentioned in so far as the record of the lease was concerned.

The ruling of the registrar reads as follows:

"I hereby deny the cancellation of the lease created in this document, which was presented with a writing of Luciano Colón as verbal mandatory of the present owners of the properties, for the reason that such cancellation was not requested in public deed executed according to the provisions of section 79 of the Mortgage Law, amended as per Law of the 7th of July, 1923, whose title is Act No. 20, to amend Articles 6, 19, 79 and 392 of the Mortgage Law of Porto Rico.   Laws of Porto Rico, 1923, page 212.

"The Legislative Assembly, in the 1923 Legislature, special session of the 13th to the 23rd of August, was more liberal in prescribing the written petition of a party or its representative, authenticated before notary, to the effect of canceling in the Registry of Property the entries of past-due mortgages, attachments, claims, mentions of annuities or of deferred payment, etc.   (Act No. 12, regulating the procedure for the cancellation in the Registry of Property of liens and entries of chattels real, and for the extinction of certain records and annotations on account of lapse of time.   Laws of Porto Rico, Special Session 1923, page 36).

"The cancellations of recorded rights, but extinguished by legal prescription, were and at present are exempted from the requisite of the 'final order' or from the deed of cancellation.   (Second

paragraph of Section 82 of the Mortgage Law· of 1893. Sec. 136 of the Regulations of 1893. Second paragraph of Section 82 of the Mortgage Law, as it was amended by Act No. 22 passed on the 7th of July, 1923, the same date of the law amending Section 79 above mentioned.)

"Notwithstanding, the undersigned Registrar, this being a case of a cancellation of an extinguished lease, feels bound to comply with the proviso of the above mentioned Section 79, unless they are repealed, if such is the case, by judicial construction, in the absence of an express repeal, with reference to the petition to ˙ the Registrar which appears in public deed."

Sections 79 and 82 of the Mortgage Law and section 136˙ of the Regulations, prior to amendment of the two first mentioned, were as follows:

"Art. 79.—A total cancellation may be demanded and must be ordered in case:

"1. When the real property the subject of the record is entirely extinguished.

"2. When the recorded right is also completely extinguished.

"3. When the instrument by virtue of which the record has been made is held to be void.

"4. When a record is held to be void on account of the lack of any of its essential requisites, in accordance with the provisions of article 30."

"Art. 82.—Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal for its annulment or reversal is pending, or by another instrument or authentic document in which the person in whose favor the record or entry may have been made, or his assigns or legal representatives signify their consent to the cancellation.

"Notwithstanding the provisions of the foregoing paragraph, the records or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself.

"Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article.

"Records made to secure sums represented by negotiable paper shall be canceled upon presentation of an instrument executed by the· persons who may have collected the credits, which must show that

the negotiable paper was canceled at the time of its execution, or of a petition signed by said interested persons and by the debtor to which are attached the negotiable paper referred to, duly perforated. If any of them shall have been lost, a true copy of the decree of the court declaring the same to be void shall be attached to the instrument or petition. The registrar must satisfy himself of the authenticity of the signatures and of the identity of the persons who may have made the request.

"Records made to secure sums represented by instruments payable to the holder thereof can not be canceled if it is not possible to establish in the registry the extinction of all the obligations secured, unless a true copy of the decree of the court declaring the extinction of such obligation is presented.

"In the case mentioned in the preceding paragraph, before the issue of the decree by the court, four calls shall be made upon persons who may have a right to oppose the cancellation, in the form of public notices and advertisements in the official periodicals; the term of six months for appearance being fixed in each."

"Art. 136.—The same instrument by virtue of which the record of an obligation may have been made, shall be a sufficient title for the purposes of the cancellation thereof, if it should appear therefrom or from some other authentic document that the obligation has lapsed or has been extinguished.

"A new deed for a cancellation shall be necessary only when, in accordance with the provisions of the first paragraph of article 82 of the law, the obligation having been extinguished by the will of the interested parties, such circumstance must be established in order to permit of the cancellation of the record."

Sections 79 and 82 as amended, read thus:

"Art. 79.—A total cancellation may be demanded and must be ordered—

"1. When the real property, the subject of the record, is entirely extinguished;

"2. When the recorded right is also completely extinguished;

"3. When the instrument by virtue of which the record has been made is held to be void;

"4. When a record is held to be void on account of the lack of any of the essential requisites, in accordance with the provisions of Article 30; *Provided,* That as to contracts of lease or sublease the registered right shall become extinguished three months after the

expiration of the term thereof if extension of the same does not appear in the registry, or three months after the expiration of a registered extension, and on application of the lessor, lessee, sublessee or owner of the real property whose right is entered in the registry as stated in a public instrument, and the registrar shall proceed to cancel such registered right; *Provided, further,* That the registration of all contracts of lease, or sub-lease, the registration of which is in force at the time of the approval of this Act and the term of which has expired, and the three months having transpired as provided herein after the expiration, shall likewise be deemed extinguished, and the registrar shall cancel such registration on application of the lessee, lessor or owner of the real property whose right appears recorded in the registry as stated in a public instrument.

"Art. 82.—Records or cautionary notices made by virtue of a public instrument can be canceled only by a final order from which no appeal is pending, or by another instrument or authentic document in which the person in whose favor' the entry may have been made, or his assigns or legal representatives signify their consent to the cancellation.

"Notwithstanding the provisions of the foregoing paragraph the records or entries referred to therein may be canceled without said requisites when the recorded right is extinguished by a provision of law, or it so appears from the recorded instrument itself.

"Records or entries made under a court order may be canceled only by virtue of final orders of the character mentioned in the first paragraph of this article.

"Records made to secure sums represented by negotiable paper, to bearer or by endorsement shall be canceled upon presentation of an instrument executed by the persons who may have collected the credits, which instrument must set forth that the negotiable paper to bearer or by endorsement was canceled at the time of its execution. If all or any of such papers shall have been lost, such records may be canceled only by court order showing that final judgment has been rendered and obtained through regular procedure under the Code of Civil Procedure, holding that such obligations have been extinguished."

■ The spirit of recent legislation, including "An Act regulating the procedure for the cancellation in the registry of property of liens and entries of chattels real, and for the extinction of certain records and annotations on account of

lapse of time," Laws of 1923, Special Session, p. 36, is to facilitate rather than to obstruct the clearing of titles upon the record by cancellation of entries that should never have been permitted to survive the transitory rights which they were intended to protect. Sections 79 and 82 as amended should be construed together in the light of the plain legislative purpose indicated by the general tenor and trend of the various enactments in question. The second paragraph of section 82, as supplemented by section 136 of the Regula- tions, is deeply rooted in years of uniform construction and daily application in practice and was deliberately re-enacted in the re-draft of that section. It is not necessarily incom- patible with the proviso simultaneously added to section 79.

If the interested party has a copy of the original instru- ment upon which the entry was based and from which the extinguishment of the right appears, that is enough. Other- wise, he must either procure a copy of the orginal or else appear before a notary and execute an equally formal document.

There is no very obvious inconsistency between the two alternative methods and no very apparent impropriety in leaving to the option and convenience of the interested party the adoption of either course.

This double remedy having been provided at the regular session in 1923, there was no urgent reason why the sections so amended should have been further modified within a month or more thereafter at the special session. That leases were not included among the matters enumerated in the law passed at the special session would seem to indicate that the Legislature was of the opinion that the innovation already made at the regular session was radical enough.

Of course, as indicated by the registrar in his brief, the cancellation of all obnoxious entries by the registrar of his own motion might have been authorized, but it does not follow that in permitting the second paragraph of section 82

and the proviso annexed to section 79 to stand together we are undertaking by judicial legislation to supply any omission or oversight on the part of the Legislature at the time of the several enactments referred to or to repeal or to make a dead letter of the proviso in question.

The ruling appealed from must be reversed.